IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WILLIAM W. DOUGLAS, JR.                                                  PLAINTIFF

    v.                                CIVIL NO. 06-2152

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                               DEFENDANT

**ORDER**

      Plaintiff, William W. Douglas, Jr., appealed the Commissioner's denial of benefits to this court. On July 19, 2007, the district court entered judgment affirming the Commissioner's decision. (Doc. # 12). Plaintiff then appealed to the United States Court of Appeals for the Eighth Circuit, and on September 2, 2009, the Eighth Circuit reversed the district court's decision and remanded for further consideration of Plaintiff's impairments. (Doc. # 19). Plaintiff now moves for an award of $2,904.04 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 17.7 attorney hours at an hourly rate of $161.00 in 2006, $166.00 in 2007, and $172.00 in 2008-09, in addition to $14.64 in expenses. (Doc. # 21, 22, 23, 24). The Defendant has filed a response stating objection not to Plaintiff's entitlement to fees under the EAJA, but to the amount requested. (Doc. #25).

      Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After

reviewing the file, we find Plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F. Supp. 228, 231 (S.D. Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also Cornella v. Schweiker*, 728 F.2d 978 (8th Cir.1984).

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of

the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F. Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991)(quoting *Cotter v. Bowen,* 879 F.2d 359, 361 (8th Cir. 1989)). The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Plaintiff requests attorney's fees under the EAJA at an hourly rate of $161.00 in 2006, $166.00 in 2007, and $172.00 in 2008-09.

Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum

statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. In this case, counsel has attached a summary of the Consumer Price Index as an exhibit or presented evidence of an increase in the cost of living. (Doc. # 24). Therefore, the court finds merit in Plaintiff's argument for enhanced fees based on a cost of living increase.

However, the court finds that the requested hourly rate for 2008-09 is excessive and finds that an award based upon an hourly rate of $167.00 per hour, reflecting an increase in the cost of living, will result in consistent hourly fee awards in cases in Arkansas. *See Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990). Thus, based upon the above factors, the courts finds that an appropriate hourly rate is $167 for time spent in 2008 and 2009.

**2006 Hours**

We next address the number of hours Plaintiff's counsel claims he spent working on this case. Plaintiff's counsel seeks reimbursement for a total of .50 hours for filing the complaint, cover sheet, and application in forma pauperis, and .30 hours for mailing certified copies of the complaint and summons to the appropriate parties. We find that these tasks could have been performed by support staff. *See Granville House, Inc. v. Department of HEW*, 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable

AO72A
(Rev. 8/82)

under the EAJA). Therefore, .80 hours will be deducted from the total number of compensable hours.

Counsel also requests .20 hours for reading and signing the consent to magistrate jurisdiction form and .30 hours for drafting the affidavit of service and filing. This court concludes that it should not have taken an attorney experienced in handling social security cases this amount of time to perform this task. *Bowman v. Secretary of H.H.S.*, 744 F. Supp. 898 (E.D. Ark. 1989). We grant counsel .05 hours for reading and signing the consent form and .25 hours for drafting the affidavit of service. Accordingly, we will deduct .20 hours from the total number of compensable hours.

Counsel also requests compensation for 9.00 hours for the preparation of Plaintiff's brief. The court finds this to be a reasonable request and will award the full 9.00 hours.

Finally, counsel seeks reimbursement for $14.64 in expenses incurred with regard to postage and copies. Such expenses are recoverable under the EAJA and we find $14.64 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

**2007 Hours**

In 2007, counsel spent a total of 1.80 hours corresponding with attorney James Green in preparation for Mr. Green's subsequent appeal to the United States Court of Appeals for the Eighth Circuit. This court will award attorney's fees under the EAJA for work performed at the district court level. Fees for work performed in connection with an appeal should be addressed at the appellate level. *See Fraction v. Bowen*, 859 F.2d 574, 575 (8th Cir. 1988). Therefore, the court will deduct 1.80 hours from the total number of compensable hours.

AO72A
(Rev. 8/82)

**2008-09 Hours**

Counsel seeks reimbursement for .10 hours spent corresponding with Mr. Green concerning the appeal and .10 hours for reviewing the memorandum opinion and judgment issued by the Eighth Circuit. For reasons already discussed, the court will not compensate counsel for this time. Accordingly, we will deduct .20 hours from the total number of compensable hours.

Finally, counsel seeks 2.00 hours for time spent preparing his EAJA motion and accompanying documents. This court concludes that it should not have taken an attorney experienced in handling social security cases this amount of time to perform this task. *Bowman*, 744 F. Supp. at 899. Therefore, we will deduct .50 hours from the total number of compensable hours.

Based on the above, we award Plaintiff attorney's fees under the EAJA for: 11.40 (12.40-1.00) attorney hours for 2006, at the rate of $161 per hour, 1.30 (3.10-1.80) attorney hours for 2007, at the rate of $166 per hour, and 1.50 (2.20-.70) attorney hours for 2008-09, at the rate of $167.00 per hour, plus expenses in the amount $14.64, for a total attorney's fee award of $2,316.34. This amount should be paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future. Further, this award should be paid directly to Plaintiff's counsel. *Ratliff v. Astrue*, 540 F.3d 800, 802 (8th Cir. 2008).

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the Plaintiff.

Dated this 13th day of November 2009.

/S/ J. Marschewski
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)